**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2013
_____

MARTHA OSORIO, on behalf of herself and all others similarly situated,
Appellant

v.

TRANSWORLD SYSTEMS, INC.; JOHN DOES 1-25
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-21-cv-19812)
District Judge: Honorable William J. Martini
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 26, 2023

Before: JORDAN, KRAUSE, and MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: April 26, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Martha Osorio filed a putative class action against Transworld Systems, Inc., a debt collector, for allegedly violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p.  The District Court dismissed Osorio's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  As it turns out, however, Osorio never had standing to bring her claim in the first place because she failed to plead a concrete injury as required for our exercise of jurisdiction under Article III.  We will therefore vacate the District Court's opinion and remand for the Complaint to be dismissed.

## DISCUSSION[1]

In the fall of 2021, Osorio received a letter from Transworld indicating that she owed money to Garden State Healthcare Associates and that the business had placed her account with Transworld for collections.  According to Osorio's Complaint, the letter failed to explicitly state whether Garden State was the original creditor or the current creditor, which allegedly violated the FDCPA.  That failure, Osorio alleged, "create[ed] confusion" and left Osorio "uncertain as to whom the debt [wa]s owed."  App. 77.  Osorio did not allege that she suffered any additional consequences because of this confusion and uncertainty.

---

[1] Although neither we nor the District Court possess jurisdiction to hear this case, we have jurisdiction to assess our own jurisdiction.  *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 429 n.10 (3d Cir. 2016).

To bring a suit in federal court, a plaintiff must establish Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). A key component of standing's "irreducible constitutional minimum" is an "injury in fact" that is "concrete and particularized" and "actual or imminent." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). While an intangible harm may qualify as a cognizable injury, the harm must bear a "close relationship" to an injury "'traditionally' recognized as providing a basis for a lawsuit in American courts": in other words, the injury must have a "close historical or common-law analogue." *TransUnion*, 594 U.S. at 424 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016)).

In *Huber v. Simon's Agency, Inc.*, this Court analyzed the plaintiff's alleged injury under this rubric where the statutorily required information was included in the debt collector's notice but in a manner the plaintiff allegedly found confusing. 84 F.4th 132, 149 (3d Cir. 2023); *cf. Kelly v. RealPage Inc.*, 47 F.4th 202, 212 (3d Cir. 2022) (analyzing a similar claim in which statutorily required information was omitted entirely from the notice under the different rubric of "informational injury"). We explained that, although a purported FDCPA violation could easily lead to the type of injury recognized by the common-law tort of fraudulent misrepresentation, a debtor's "confusion, without more," is not enough. *Huber*, 84 F.4th at 149. Rather, to bring suit, a FDCPA claimant "must suffer some cognizable harm that flows from [her] confusion." *Id.* That harm could be small. But Osorio did not plead any harm besides confusion itself, so we cannot reach the merits of her claim.

3

**CONCLUSION**

For the foregoing reasons, we will vacate the judgment of the District Court and remand with instructions for the District Court to dismiss the Complaint.